**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGER DAVID TOWERS, | No.   18-16712 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02597-JAM-KJN |
| v. | |
| COUNTY OF SAN JOAQUIN, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 7, 2020**

Before:   TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Roger David Towers appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from the land use designation of his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's application of the doctrines

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of claim preclusion and issue preclusion. *Littlejohn v. United States*, 321 F.3d 915, 919 (9th Cir. 2003). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal was proper because plaintiff's land use claims involved litigation of the same primary right previously and finally adjudicated by the state Supreme Court. *See Dodd v. Hood River County*, 136 F.3d 1219, 1225 (9th Cir. 1998) (providing that federal courts must give state court judgments the same preclusive effect as they would be given by courts of that state); *Slater v. Blackwood*, 543 P.2d 593, 594-95 (Cal. 1975) (explaining California's claim preclusion doctrine).

The district court properly dismissed plaintiff's claims pertaining to restraining orders as barred under the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state court proceedings. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758-59 (9th Cir. 2014) (setting forth de novo standard of review, requirements for *Younger* abstention in civil cases, and explaining that "the date for determining whether *Younger* applies is the date the federal action is filed" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in taking judicial notice of court filings and other matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review and stating that

court may take judicial notice of matters of public record).

We reject as without merit plaintiff's contentions that the district court's judgment is void, and that the magistrate judge was biased and violated plaintiff's due process rights.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties' requests for judicial notice and related filings (Docket Entry Nos. 21, 29 and 34) are denied as unnecessary. Plaintiff's request in his opening brief for an order to show cause is denied. Plaintiff's request in his reply brief for sanctions against defense counsel is denied.

**AFFIRMED.**